# Supreme Court of Texas

No. 25-0641

In re Ken Paxton and the Office of the Attorney General,
*Relators*

On Petition for Writ of Mandamus

JUSTICE BLAND, joined by Justice Lehrmann and Justice Huddle, concurring.

I agree the court of appeals erred in not evaluating the preliminary merits of the parties' positions before issuing a stay to preserve its jurisdiction. I therefore concur with the Court's decision to grant relief. I write separately to observe that appellate courts must (1) also evaluate the balance of harms associated with the requested relief; and (2) have a reasonable time to determine whether a stay is warranted.

## I

The case underlying this original proceeding concerns statutory and constitutional challenges brought by counties and prosecutors to enjoin rules the Attorney General promulgated.[1] The rules require the prosecutors to submit twelve categories of information to the Attorney

---

[1] *See* 1 Tex. Admin. Code pt. 3 §§ 56.1–.10.

General via initial, quarterly, and annual reports, "including work product and otherwise privileged and confidential matters."[2] If a prosecutor fails to comply with these rules, they empower the Attorney General to construe a violation as "official misconduct," institute a quo warranto proceeding seeking forfeiture of that official's office, or initiate a civil proceeding to obtain compliance.[3] The real parties in interest bring ultra vires and constitutional challenges to the rules, arguing that the Attorney General has no authority to promulgate them, and that they conflict with the prosecuting attorneys' constitutional obligations.

On June 20, 2025, following a full evidentiary hearing, the trial court concluded that the prosecutors[4] were likely to succeed on the merits and issued a temporary injunction against enforcement of the rules. A week later, the State noticed its appeal, automatically superseding the injunction.[5]

In the court of appeals, the prosecutors moved for temporary relief to stay enforcement of the rules pending the appeal. The court of appeals granted the motion and reinstated the stay as to the named parties only on July 17—seventeen days after the prosecutors filed the emergency Rule 29.3 motion. The court ordered accelerated briefing, pronounced that it would allow no extensions, and held argument on September 24.

---

[2] *Id.* §§ 56.2(1), .3–.4. The first reports became due in the summer of 2025. *See id.* § 56.5(a)(4).

[3] *Id.* § 56.8.

[4] The real parties, including district attorneys, local attorneys, and several counties, are collectively referred to as the "the prosecutors."

[5] *See* Tex. Gov't Code § 22.004(i); Tex. Civ. Prac. & Rem. Code § 6.001(b).

2

Six days after the court of appeals issued its order, the State petitioned this Court for a writ of mandamus, asking that we direct the court of appeals to vacate its stay because the court had failed to sufficiently evaluate the prosecutors' likelihood of success on the merits.

## II

A governmental entity has a statutory right to supersede a trial court order by taking an appeal, but its right to supersedeas does not constrain the courts of appeals from exercising their discretion to effectively grant the same relief under Texas Rule of Appellate Procedure 29.3, if such relief is "necessary to preserve the parties' rights until disposition of the appeal."[6]

Prior to *In re State*,[7] our Court had not articulated the standard for considering a Rule 29.3 motion against the State.[8] We had upheld such relief in cases in which courts of appeals did not consider the merits of parties' claims,[9] focusing the analysis mainly on whether a temporary

---

[6] *In re Tex. Educ. Agency*, 619 S.W.3d 679, 685, 688–89 (Tex. 2021) (citing Tex. R. App. P. 29.3).

[7] 711 S.W.3d 641 (Tex. 2024).

[8] *In re Abbott*, 645 S.W.3d 276, 288 (Tex. 2022) (Blacklock, J., concurring in part and dissenting in part).

[9] *See Tex. Educ. Agency v. Hous. Indep. Sch. Dist.*, 609 S.W.3d 569, 577 (Tex. App.—Austin 2020) (ordering a trial court's temporary injunction to remain in effect without any comment on the merits), *mand. denied sub nom. In re Tex. Educ. Agency*, 619 S.W.3d 679 (Tex. 2021); *Abbott v. Doe*, No. 03-22-00126-CV, 2022 WL 837956, at *2, (Tex. App.—Austin) (same), *mand. granted in part and denied in part sub nom. In re Abbott*, 645 S.W.3d 276 (Tex. 2022).

injunction would preserve the status quo and prevent irreparable harm during the pendency of the appeal.[10]

*In re State* marked a shift. In that case, we made it clear that, as trial courts do in issuing temporary injunctions, appellate courts must inquire into the likely merits of the parties' positions and the balance of harms to the parties before countermanding the State's supersedeas right.[11] An appellate court "may take into account other case-specific equitable considerations that bear on its exercise of discretion," but such considerations do not relieve the court of its duty to balance the harm from such relief and to give "some consideration of the merits."[12]

Thus, I agree with the Court that the court of appeals erred in not making a preliminary evaluation of whether the prosecutors' claims are likely to succeed. And I agree that affording the court of appeals additional time to make such a determination before ordering it to vacate the stay is appropriate because: (1) the court of appeals established in its order that the balance of harms weighs in favor of a stay; (2) the State's arguments in this Court do not address the underlying merits; and (3) given the time the case has been pending, the time allotted is sufficient for the court of appeals to determine the likely merits.

---

[10] *See, e.g., In re State*, 711 S.W.3d at 644; *In re Abbott*, 645 S.W.3d at 282–83; *In re Tex. Educ. Agency*, 619 S.W.3d at 689.

[11] *In re State*, 711 S.W.3d at 645–46.

[12] *Id.*

## A

While consideration of the merits was lacking in the court of appeals' order, the court held that the balance of harms favors a stay—a conclusion that the State does not challenge in this Court. Weighing the harms to the parties, the public, and to nonparties is a necessary aspect of a court's effort "to preserve the parties' rights pending appeal."[13] The applicant for temporary relief must show it will suffer irreparable harm if relief is not granted, and the court must weigh that alleged harm against harms others stand to suffer if relief is granted.[14]

In the court of appeals, the prosecutors averred that the Attorney General would not be harmed by a delay in the production of the information the rules require, whereas compliance with unlawful rules would force them to incur significant costs, divert staff away from their primary obligation to prosecute criminals, and infringe upon their constitutional responsibilities. To support their arguments, the prosecutors attached nearly twenty exhibits considered by the trial court, including nine declarations detailing the cost and time required to comply with the rules' reporting obligations, and concerns about their ability to safeguard privileged and confidential information.

In response, the State, pointing to its intrinsic right to enforce its own laws, argued that the prosecutors' failure to comply with the challenged rules irreparably harms the State as a matter of law. Considering these arguments, the court of appeals appropriately

---

[13] *Id.* at 645.

[14] *Id.*

concluded that the harm to the State was "less immediate in nature" because the prosecutors demonstrated that the mandated reports would "require hours of work that will take away from their ability to effectively prosecute cases and will lead to the production of privileged and confidential information."

Because the court of appeals established that the balance of harms sufficiently demonstrates a need for a stay, the prosecutors are entitled to some form of temporary relief if the court determines the prosecutors' claims may have some merit.[15]

**B**

In seeking mandamus relief, the State does not argue that the prosecutors are unlikely to prevail against the State's appeal. Rather, the State focuses its argument on the court of appeals' failure to sufficiently evaluate the likely merits in its stay order. Both parties now have fully briefed the merits of the appeal in the court of appeals, placing that court in the best position to make a preliminary determination.

"The relevance of the merits to requests for injunctive relief does not vanish when courts must rule expeditiously,"[16] but neither does an appellate court's obligation to provide thoughtful and accurate review. Courts must have a reasonably sufficient time to evaluate the requesting parties' likelihood of success on the merits. This time will vary depending on the exigencies of the situation, the complexity of the

---

[15] *See id.* (stating that "[t]he merits need not—and often should not—be definitively determined at this preliminary stage" but must be given "some consideration").

[16] *Id.*

case, and the harm such a delay might cause. The need for urgency must be balanced with the necessity of protecting parties' rights during the pendency of an appeal.

In this case, the court of appeals issued its order seventeen days after the prosecutors filed their emergency Rule 29.3 motion. The court stressed that the case presented "complex," "close," and "serious" issues of statutory and constitutional interpretation, on a condensed timeline with limited briefing. While the court of appeals did not commit to any deadline, it committed to not holding "this matter in abeyance any longer than necessary." We have no reason to doubt that commitment. Sufficient time has passed to make a preliminary determination of the merits. The Court therefore correctly concludes on this record that the State is entitled to relief.

Alternatively, the court of appeals could issue its opinion, mooting any need for a further stay of proceedings.

*　　*　　*

With the addition of these considerations, I join the Court's opinion and concur in its conditional grant of relief.

Jane N. Bland
Justice

**OPINION FILED:** December 22, 2025

7